933 So.2d 667 (2006)
Jeffrey Timothy HILL, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3657.
District Court of Appeal of Florida, First District.
July 13, 2006.
*668 Nancy A. Daniels, Public Defender, Kathleen A. Stover, Assistant Public Defender, and Jamie N. Spivey, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Felicia A. Wilcox, Assistant Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
The defendant, Jeffrey Hill, appeals his conviction for armed robbery. He seeks reversal on the ground that the trial court erred in allowing the state to present evidence that he had confessed to several unrelated robberies. Because the record does not support the trial court's conclusion that the defendant opened the door to the presentation of this evidence, and because it was not otherwise relevant to any issue in this case, we reverse.
*669 The defendant was tried and convicted of the robbery of a Pensacola taxi cab driver. A police detective testified in the state's case in chief that the defendant had confessed to the crime. This evidence was disputed. The defendant took the witness stand in his own defense and testified that he did not rob the cab driver and that he did not tell the detectives that he had.
In the course of the defendant's direct examination, defense counsel asked how long the police interview lasted. The defendant answered, "I would say anywhere from 45 minutes to an hour." At this point, the prosecutor asked to approach the bench. He argued that the defendant had opened the door to evidence that he had confessed to three other robberies in the course of the interview. His theory was that the state should be able to show that there was an innocent explanation for the fact that the interview lasted so long, to refute the defendant's implied claim that the officers were coercing him.
Initially, the trial judge ruled that the evidence of the confessions to unrelated crimes was inadmissible. The judge agreed that the defendant had invited additional information about the interview, but he reasoned that the presentation of evidence that he had confessed to three other robberies was too prejudicial and that it would become the centerpiece of the case.
The prosecutor pressed forward with an alternative argument that the confessions to the other robberies should be admitted because they refuted the defendant's implied claim that the confession in this case was fabricated. The trial judge eventually agreed. Following a formal proffer, the trial court ruled that the prosecutor could present evidence of the defendant's other confessions.
When the jury returned, defense counsel continued his examination by asking the defendant if the detectives had questioned him about other robberies during the interview. The defendant said that they had, but that he did not confess to any of them. He conceded, however, that he had been charged with some of the robberies that were the subject of the questioning.
The detective testified on rebuttal that the defendant not only confessed to the robbery in this case but that in the course of the interview, he also confessed to "other robberies." He added that the defendant denied one particular accusation relating to a robbery at an ATM machine, and that the officers had not arrested him for that crime.
The jury found the defendant guilty of armed robbery with a weapon, and the trial judge sentenced him to nine years in prison, to be followed by three years' probation. Following the conviction and sentence, the defendant filed a timely appeal to this court.
We begin by observing that the use of collateral crime evidence in a criminal trial is the exception, not the rule. Evidence of an unrelated crime is not admissible to prove that the defendant had a general propensity to commit the crime charged. See Williams v. State, 110 So.2d 654 (Fla.1959). It may be relevant to prove one of the specific issues listed in section 90.404(2) of the Florida Evidence Code, but the state does not argue that the evidence in question here was relevant in its own right to prove any issue in the case. The sole justification for the admission of collateral crime evidence in this case was that it was necessary to disprove a misleading statement made by the defendant.
A criminal defendant may open the door to the presentation of collateral crime evidence that would otherwise be inadmissible if he gives misleading testimony *670 or makes a specific factual assertion that is not correct. See McCrae v. State, 395 So.2d 1145 (Fla.1980). This rule is based on principles of fairness. See Ramirez v. State, 739 So.2d 568 (Fla.1999); Bozeman v. State, 698 So.2d 629 (Fla. 4th DCA 1997). If the defense creates a false impression by telling only part of the story, the state may be entitled to correct this impression by using collateral crime evidence that would not be admissible in its own right.
However, the state is not entitled to present evidence that a defendant has committed an unrelated crime merely because the defendant's testimony can be characterized as false or misleading. There must be some need to resort to this kind of evidence in order to correct the false impression. A suggestion or insinuation made in the defense case cannot be used as a pretext to inform the jury that he has been convicted of a crime before. Many false impressions could be cleared up with far less.
In the present case, the defendant did not open the door to the presentation of collateral crime evidence merely by stating that the police interview lasted forty-five minutes to an hour. The length of the interview does not in itself suggest that the detectives were using improper interrogation techniques. They could easily have spent forty-five minutes to an hour speaking with the defendant even if they had only been discussing the robbery of the taxi driver. A juror would have no reason to think that this was an unusually long interview unless someone suggested as much, and no one did.
The state contends that the question regarding the length of the interview was designed to set up a claim that the detectives coerced the defendant into making a confession. This argument is purely speculative. Defense counsel did not suggest at any point during the trial that the detectives coerced the defendant. He merely asked the defendant how long the interview lasted.
Perhaps it could be said in the most technical sense that the defendant misled the jury by stating that the questioning "in this case" lasted forty-five minutes to an hour. But even if that is so, it was hardly the kind of misrepresentation that would justify the presentation of evidence that the defendant confessed to three other robberies. The misstatement could have been corrected simply by pointing out that the defendant and the detectives did not spend the entire time talking about this case.
We are also unable to justify the admission of this evidence on the alternative theory that it refutes an implied claim that the detectives fabricated the defendant's confession in this case. The defendant did not suggest that the detectives were fabricating their testimony. He gave a different account of the interview, but that is an unremarkable event that occurs every day in court. A criminal defendant does not open the door to evidence that he confessed to other crimes merely by recounting a version of a police interview that is different from that given by the officers.
The prosecutor argued that the defendant's denial of the confession in this case was undercut by the fact that he confessed to three other robberies in the course of the same interview. This argument assumes that the defendant confessed to the other robberies, but that was a fact in dispute. The defendant said that he did not confess to any of them. His testimony on this point is not impeached by the inconsistent statements of the detectives.
Perhaps the most significant error in the prosecutor's argument is that there was no *671 logical connection between the alleged confession in this case and the alleged confessions in the other cases. Even if it had been an admitted fact that the defendant had confessed to several other robberies, that would not make it more or less likely that he was telling the truth when he said that he did not confess to this one.
Finally, the state does not contend that the defendant's conviction should be affirmed on the ground that the error was harmless, nor could we come to that conclusion on our own. The improper admission of collateral crime evidence is presumed to be harmful, see Goodwin v. State, 751 So.2d 537 (Fla.1999); Czubak v. State, 570 So.2d 925 (Fla.1990), and there is nothing in the record to rebut this presumption. The evidence that the defendant had confessed to other robberies was not relevant to any issue in this case; it served only to impugn the defendant's character. Moreover, the prosecutor exacerbated the harm by highlighting the evidence in his closing argument.
For these reasons we conclude that the trial court erred in allowing the state to present evidence that the defendant had confessed to several other robberies. Because the error was not harmless beyond a reasonable doubt, the defendant is entitled to a new trial.
Reversed.
WOLF and POLSTON, JJ., concur.